UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DANIEL BOYD,

             Plaintiff,

   v.                                Civil Action No. 19-1664 (ABJ)

DONALD TRUMP, *et al.*,

             Defendants.

## MEMORANDUM OPINION

Daniel Patrick Boyd brings this action under the Freedom of Information Act ("FOIA"), *see* 5 U.S.C. § 552, against Donald J. Trump, William P. Barr, Susan B. Gerson, two "John Does," David L. Harlow, and William E. Bordley. This matter is before the Court on defendants' Motion to Dismiss or for Summary Judgment, ECF No. 19, and plaintiff's motion for entry of default, ECF No. 14. For the reasons discussed below, the Court will grant defendants' motion, and deny plaintiff's motion because defendants are not in default in this case.

### I.    FACTUAL BACKGROUND

Plaintiff, who has been convicted of terrorism-related conspiracy charges, *see generally United States v. Hassan*, 842 F.3d 104 (4th Cir. 2014), is serving prison sentences imposed by the United States District Court for the Eastern District of North Carolina. *See generally* Compl. (ECF No. 1), Ex. B (ECF No. 1-1 at 2-32 (page numbers designated by CM/ECF)). He requests the disclosure of the following documents:

    a) Certified copy of his plea agreement;
    b) Affidavit of criminal complaint;

1

      c) Information filed by the government

      d) Arrest warrant or summons;

      e) Letter of Certificate of concurrence;

      f) Affidavit of Complaint of Probable Cause Hearing;

      g) Grand Jury transcripts, ballot, or record for inspection, and;

      h) All indictments, duly endorsed by their foreperson and the United States Attorney, or colloquy of defendant being advised of his right of a true-bill indictment and waiving it.

Compl. ¶ 7. Plaintiff alleges that "his efforts to utilize the [FOIA] appear to have been either refused, neglected, hidden, or ignored by the government." *Id.* ¶ 10.

An attachment to the complaint indicates that plaintiff mailed a FOIA request to an unidentified agency at the following address: 111 Massachusetts Avenue, N.W., 2d Floor Ullico Bldg., Washington, DC 20529. *See generally id.*, Ex. D (ECF No. 1-1 at 47-49). Additional attachments to the complaint show that plaintiff filed a motion in his criminal case for release of grand jury transcripts and other information, *see id.*, Ex. C. (ECF No. 1-1 at 33-35), which the court denied, *see id.*, Ex. C (ECF No. 1-1 at 43-45).

## II.   ANALYSIS

### A.   Trump, Barr, Gerson, Harlow, Bordley and two "John Does" Are Dismissed as Party Defendants

"This Court's jurisdiction to enforce the FOIA is limited to enjoining agency noncompliance," *Stone v. Defense Investigative Serv.*, 816 F. Supp. 782, 785 (D.D.C. 1993) (citing 5 U.S.C. § 552(a)(4)(B)), and a claim under FOIA can only proceed against a federal government agency. *See* 5 U.S.C. § 552(a)(4)(B); *Cooper v. Stewart*, No. 11-5061, 2011 WL 6758484, at *1 (D.C. Cir. Dec. 15, 2011) (per curiam) (affirming dismissal FOIA claims against individual defendants because FOIA "only authorizes suits against certain executive branch "agencies," not individuals").

Defendants to this action are the President of the United States, the Attorney General of the United States, and other government officials affiliated with the U.S. Department of Justice and component agencies, namely the Executive Office for United States Attorneys ("EOUSA"), the Office of Information Policy ("OIP"), the United States Marshals Service ("USMS") and the Federal Bureau of Prisons ("BOP"). Plaintiff cannot obtain any relief under FOIA as against these individual defendants, however. *See Martinez v. Bureau of Prisons*, 444 F.3d 620, 624 (D.C. Cir. 2006) (affirming dismissal of "the named individual defendants because no cause of action exists that would entitle appellant to relief from them under . . . FOIA"); *Flaherty v. President of the United States*, 796 F. Supp. 2d 201, 205 (D.D.C. 2011) (noting this Circuit's rulings affirming "the dismissal of cases in which a plaintiff named individuals, including public officials, as defendants" in a FOIA case), *aff'd sub nom. Flaherty v. IRS*, 468 F. App'x 8 (D.C. Cir. 2012). Accordingly, the Court will dismiss Trump, Barr, Gerson, Harlow, Bordley and two "John Does" as party defendants and dismiss the FOIA claims against them. *See, e.g.*, *Johnson v. United States*, 239 F. Supp. 3d 38, 42 (D.D.C. 2017) (dismissing individual defendants as parties to complaint raising only FOIA claims); *Stone*, 816 F. Supp. at 785 (dismissing FOIA claims against individual defendants for lack of subject matter jurisdiction); *Whittle v. Moschella*, 756 F. Supp. 589, 596 (D.D.C. 1991) (dismissing FOIA claims against three federal officials over whom the Court lacked subject matter jurisdiction).

### B.    The United States District Court for the Eastern District of North Carolina Is Not Subject to the FOIA

The only alleged recipient of a FOIA request from plaintiff is the United States District Court for the Eastern District of North Carolina submitted by motion filed in plaintiff's criminal case. FOIA "adopts the definition of agency contained in 5 U.S.C. § 551(a)(1)(b), which specifically excludes from its coverage 'the courts of the United States.'" *Maydak v. U.S. Dep't*

3

*of Justice*, 254 F. Supp. 2d 23, 40 (D.D.C. 2003) (citing 5 U.S.C. § 552(f)).  Therefore, to the extent plaintiff intends to bring a FOIA claim against a federal court or court employees, the claim must also be dismissed.  *See Gaydos v. Mansmann*, No. 98-5002, 1998 WL 389104, at *1 (D.C. Cir. June 24, 1998) (affirming district court's conclusion "that a [FOIA] claim may not be brought against the federal judiciary"); *Mathis v. Dep't of Justice*, No. 1:16-CV-1712, 2018 WL 4637356, at *2 (D.D.C. Sept. 27, 2018) (dismissing FOIA claim against Middle District of Georgia); *Faxon v. Maryland*, No. JM-10-CV-28, 2010 WL 148707, at *1 (D. Md. Jan. 13, 2010) (dismissing FOIA claim against District of Maryland because federal courts are not covered under FOIA); *DeMartino v. FBI*, 511 F. Supp. 2d 146, 148 (D.D.C. 2007) (dismissing FOIA claim against Probation Office which, "[a]s a court unit, . . . is not subject to the requirements of the FOIA").

### C.     Plaintiff Fails to State FOIA Claims Against DOJ, OIP, USMS and BOP

Because the named defendants are government officials affiliated with DOJ and four component entities, the Court construes the complaint as raising FOIA claims against DOJ, EOUSA, OIP, USMS, and BOP.  But to bring a lawsuit under FOIA, it was incumbent upon plaintiff to identify the agency to which he transmitted a request.  Here, plaintiff does not allege he submitted a FOIA request to DOJ, OIP, USMS or BOP.  "A FOIA claim fails if the plaintiff never sent a FOIA request to the agency," *LaVictor v. Trump*, No. 1:19-CV-01900, 2020 WL 2527192, at *2 (D.D.C. May 18, 2020), and, consequently, the complaint fails to state a viable FOIA claim against DOJ, OIP, USMS an BOP.  *See Cromitie v. Trump*, No. 1:19-CV-02868, 2019 WL 6034952, at *2 (D.D.C. Nov. 13, 2019) (dismissing complaint which "does not allege that an agency has improperly withheld records responsive to a properly submitted FOIA request"); *see also Thomas v. FCC*, 534 F. Supp. 2d 144, 146 (D.D.C. 2008) ("In the absence of any evidence

that plaintiff submitted a proper FOIA request to which [the agency] would have been obligated to respond," the agency "is entitled to judgment as a matter of law.").

### D. Plaintiff Failed to Exhaust Administrative Remedies Regarding his FOIA Request to the EOUSA

Generally, "[e]xhaustion of administrative remedies is . . . required before seeking judicial review 'so that the agency has an opportunity to exercise its discretion and expertise on the matter and to make a factual record to support its decision.'" *Wilbur v. CIA*, 355 F.3d 675, 677 (D.C. Cir. 2004) (quoting *Oglesby v. U.S. Dep't of the Army*, 920 F.2d 57, 61 (D.C. Cir. 1990)). Although exhaustion is not a jurisdictional requirement, *Hidalgo v. FBI*, 344 F.3d 1256, 1258 (D.C. Cir. 2003), a plaintiff's failure to exhaust still "precludes judicial review if 'the purposes of exhaustion' and the 'particular administrative scheme' support such a bar," *id.* at 1258–59 (quoting *Oglesby*, 920 F.2d at 61) (other citation omitted). Thus, "[e]xhaustion . . . can be a substantive ground for rejecting a FOIA claim in litigation." *Bayala v. U.S. Dep't of Homeland Sec., Office of Gen. Counsel*, 827 F.3d 31, 35 (D.C. Cir. 2016).

A proper FOIA request is one which "reasonably describes" the records sought and complies with an agency's published procedures for submitting a FOIA request. 5 U.S.C. § 552(a)(3)(A). A requester's "failure to comply with an agency's FOIA regulations is the equivalent of a failure to exhaust." *West v. Jackson*, 448 F. Supp. 2d 207, 211–12 (D.D.C. 2006) (citing *Ivey v. Snow*, No. 05-1095, 2006 WL 2051339, at *3 (D.D.C. July 20, 2006)). And if an agency does not receive a FOIA request in compliance with its published procedures, the agency has no obligation to respond to it. *See Lopez v. Nat'l Archives & Records Admin.*, 301 F. Supp. 3d 78, 88–89 (D.D.C. 2018) ("Since it is undisputed that plaintiff's request was not sent through the proper channels to CIA, the agency was not required to respond, and plaintiff did not exhaust his administrative remedies as to that agency.").

Defendants' declarant explains that EOUSA maintains an online database for tracking FOIA requests, which a requester may submit via an online portal or by mail addressed to EOUSA at 175 N Street, N.E., Suite 5.400, Washington, DC 20530-0001.  *See* Griffin Decl. (ECF No. 23-1) ¶¶ 5-6.  The database stores copies of requests, requesters' names, subjects of the requests, and dates of receipt of requests by the EOUSA.  *See id.* ¶ 5.  An EOUSA staff member records each incoming FOIA request in a correspondence log book, enters the request into the EOUSA's online database, and assigns the matter a tracking number.  *See id.* ¶ 8.

The declarant searched the FOIA online portal using plaintiff's name and the subject matter of his request as search terms.  *Id.* ¶ 9.  She also searched EOUSA's correspondence log book for a request received from plaintiff in 2019.  *Id.* ¶ 10.  She found that "EOUSA does not have a record of a FOIA request submitted by . . . [p]laintiff." *Id.* ¶ 11.  Defendants move for summary judgment, arguing that plaintiff failed to exhaust his administrative remedies prior to filing his lawsuit.  *See generally* Defs.' Mot. at 6-8.

Plaintiff explains that he addressed a FOIA request to "Freedom of Information Act Director" at 111 Massachusetts Avenue, N.W., ULLICO Building, Washington, DC 20539.  Pl.'s Opp'n (ECF No. 21) ¶ 2.[1]  Further, he states that he received "no acknowledgment of any kind from anyone" to requests he allegedly sent in February and April 2019.  *Id.* ¶ 3; *see id.* ¶ 19.  And according to plaintiff, it is unreasonable that he be "required to locate the address of the offices of every pertinent [FOIA] branch and send each an independent request – for documents he was entitled to *ab initio* – whilst incarcerated." *Id.* ¶ 20; *see id.* ¶ 22.  He "contends that he is not legally

---

[1] As indicated in its January 31, 2020 Minute Order, the Court construes plaintiff's "Motion to Strike Defendants' Motion and Cause Shown as to Genuine Dispute of Material Fact" (ECF No. 21) as plaintiff's opposition ("Pl.'s Opp'n") to Defendants' motion.

required to exhaust all conceivable administrative remedies," and faults defendants for having "failed to prove that he is legally obligated to do so." *Id.* ¶ 25. Plaintiff is mistaken.

An agency's obligation to disclose records "is not triggered . . . until a proper request has been received." *Pickering–George v. Registration Unit, DEA/DOJ*, 553 F. Supp. 2d 3, 5 (D.D.C. 2008); *see also* 5 U.S.C. § 552(a)(6)(A)(i) (requiring an agency to "determine within 20 days . . . after receipt" of a request "whether to comply" with it and to notify the requester accordingly). Plaintiff must show that he sent a proper FOIA request to the EOUSA in accordance with its procedures *and* that the EOUSA actually received his request. It is not enough that plaintiff sent a FOIA request to an unidentified government agency, particularly when the recipient's address is different from the address to which FOIA requests to the EOUSA by mail must be directed.

Although exhaustion of administrative remedies does not bar judicial review automatically, *see Oglesby*, 920 F.3d at 61, this Circuit consistently has held that the FOIA's administrative scheme supports such a bar, and thus "requires each requestor to exhaust administrative remedies" prior to filing suit. *Hidalgo*, 344 F.3d at 1259 (citing *Sinito v. U.S. Dep't of Justice*, 176 F.3d 512, 516 (D.C. Cir. 1999)) (additional citations omitted). Here, plaintiff's failure to submit a proper FOIA request deprives the EOUSA of an opportunity to apply its expertise and make a factual record for this Court's review. The purposes of administrative exhaustion simply are not served in the circumstances of this case. *See Freedom Watch, Inc. v. FBI*, No. 1:18-1912, 2019 U.S. Dist. LEXIS 1598, at *7 (D.D.C. Jan. 4, 2019) (dismissing FOIA case where "[j]urisprudential considerations behind the purposes of both exhaustion and FOIA support" dismissal); *Macleod v. U.S. Dep't of Homeland Sec.*, No. 1:15-1792, 2017 U.S. Dist. LEXIS 153651, at *34 (D.D.C. Sept. 21, 2017) (concluding that requester's "failure to avail himself of an administrative appeal clearly forecloses his ability to challenge the [the agency's] response in this lawsuit").

Therefore, the Court grants defendants' motion for summary judgment based upon their showing that plaintiff did not submit a FOIA request to the EOUSA.

### E. Plaintiff's Motion for Default Judgment

Plaintiff's motion for entry of default, *see generally* Pl.'s Mot. (ECF No. 14), in no way relates to Federal Rule of Civil Procedure 55, pursuant to which the Court may enter a default judgment against defendants who "were 'essentially unresponsive.'" *Jackson v. Beech*, 636 F.2d 831, 836 (D.C. Cir. 1980). Rather, plaintiff has used the motion as an opportunity to speak publicly about the alleged misuse of authority vested in federal prosecutors and the federal courts. *See, e.g.,* Pl.'s Mot. ¶¶ 8-10, 12, 15. According to plaintiff, "the documents necessary to convict him do not exist or exist in a form inconsistent with the laws derived from the Constitution," and for this reason "[h]e is currently held unlawfully." *Id*. ¶ 18; *see id*. ¶ 5. Plaintiff not only challenges the validity of the criminal indictment, *id*. ¶ 5, but also considers his conviction "absolutely null and void," *id*. ¶ 21, because the sentencing court had no documents or other evidence to support it. *See id*. ¶¶ 5, 18-21. He asks this Court to declare "that the government never had probable cause to arrest him, subject-matter jurisdiction over him, in personam jurisdiction over him, an indictment which is facially 'fair' standing upon the requirements of the constitution, and that withholding those documents . . . is a due-process violation." *Id*. ¶ 30. And "[h]e asks to be released immediately" from custody. *Id*.

The Court denies plaintiff's motion because the relief he demand far exceeds FOIA's scope. *See Johnson v. Exec. Office for U.S. Attorneys*, 310 F. 3d 771, 777 (D.C. Cir. 2002) (holding that FOIA does not offer a remedy for alleged violations of constitutional rights, even if plaintiff intends to use the requested records to support a challenge to his criminal conviction); *Franklin v. DEA*, No. 14-CV-3701, 2014 WL 2931702, at *2 (C.D. Cal. June 30, 2014) (finding that "plaintiff

is precluded from bringing a due process claim under *Bivens* based on defendants' alleged violation of the FOIA"). Rather, to the extent that plaintiff seeks review of his underlying arrest, indictment, and conviction, his claim must be addressed to the sentencing court by motion under 28 U.S.C. § 2255. *See Taylor v. U.S. Bd. of Parole*, 194 F.2d 882, 883 (D.C. Cir. 1952); *Ojo v. Immigration & Naturalization Serv.*, 106 F.3d 680, 683 (5th Cir. 1997).

### III. CONCLUSION

For the reasons discussed above, the Court will grant defendants' motion to dismiss and for summary judgment. Defendants Donald Trump, William Barr, Susan B. Gerson, David L. Harlow, William E. Bordley and two John Does will be dismissed as party Defendants. In addition, the FOIA claims against these individual defendants, the U.S. District Court for the Eastern District of North Carolina, the U.S. Department of Justice, the Office of Information Policy, the United States Marshals Service and the Federal Bureau of Prisons will be dismissed. Because EOUSA demonstrates that plaintiff failed to submit a proper FOIA request, summary judgment will be granted in defendants' favor because plaintiff failed to exhaust administrative remedies prior to filing this lawsuit. Lastly, because defendants are not in default, the Court will deny plaintiff's motion for entry of default judgment.

An Order consistent with this Memorandum Opinion will be issued separately.


DATE: August 11, 2020                     AMY BERMAN JACKSON
                                          United States District Judge